**B. Dawn McCarver HILDEBRAND, Daughter, Next of Kin and Administrator Ad Litem of the Estate of Louise McCarver, Deceased, B. Dawn McCarver Hildebrand and George S. McCarver, individually, Plaintiffs,**

v.

**SUNBEAM PRODUCTS, INC., and AMERICAN HOUSEHOLD, INC., Defendants.**

**No. 03–1018–JTM.**

United States District Court,
D. Kansas.

Oct. 11, 2005.

David H. Moses, Case, Moses, Zimmerman & Wilson, P.A., Wichita, KS, George E. McLaughlin, William J. Hansen,

McDermott, Hansen & Mclaughlin, LLP, Denver, CO, for Plaintiffs.

Stephen T. Moffett, Thomas L. Vitu, Moffett & Dillon PC, Birmingham, MI, Amy M. Decker, Scott R. Schillings, Cozen & O'Connor, Wichita, KS, for Defendants.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

This matter comes before the court on the defendants' Motion to Strike the Testimony and Opinions of Plaintiffs' Expert William Treadwell Cronenwett (Dkt. No. 85). Defendants ask the court to strike the testimony and opinions of plaintiffs' expert, William Treadwell Cronenwett, because he fails to satisfy the requirements of Federal Rules of Evidence 702 or the *Daubert* standards for admission of expert witness testimony. Plaintiffs respond that defendants mischaracterize Dr. Cronenwett's testimony and fail to consider circumstantial evidence. After reviewing the parties' arguments, the court denies defendants' motion.

■ Fed.R.Evid. 702 governs the admissibility of expert testimony. It provides in relevant part that an expert may testify if his scientific, technical or other specialized knowledge will assist the trier of fact. An expert may provide opinion testimony if: 1) the testimony is based on sufficient facts or data; 2) the testimony is the product of reliable principles and methods; and 3) the witness has applied the principles and methods reliably to the facts of the case. Fed.R.Evid. 702. In determining whether to admit expert testimony, *Daubert* and *Kumho* requires the court to determine several nondispositive factors, such as: 1) whether proffered theory can and has been tested; 2) whether the theory has been subject to peer review; 3) the known or potential rate of error; and 4) the general acceptance of a methodology in the relevant community. *Mehus v. Emporia State University*, 222

F.R.D. 455, 458 (D.Kan.2004) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)). The court is to act as the "gatekeeper." *U.S. v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir.2004). *See also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). "[T]he burden of proving admissibility of expert testimony is on the party proffering such testimony." *Daubert*, 509 U.S. at 592 n. 10, 113 S.Ct. 2786.

Defendants allege several problems in Dr. Cronenwett's testimony. First, defendants argue that Dr. Cronenwett's testimony only asserts general allegations with only two possible causes that are relevant to this incident. Second, defendants challenge the validity of Dr. Cronenwett's testing in this case. Finally, defendants challenge Dr. Cronenwett's theories of how the incident occurred and argue that the expert lacks physical evidence to support his opinion. In reviewing the parties' arguments, the court finds that Dr. Cronenwett is adequately qualified to present his testimony. The court reviews each argument in turn.

■ As for the general allegations, plaintiffs do not controvert that there are only two theories of causes of malfunction in the PTC wire. Dr. Cronenwett's examination of other Sunbeam blankets is relevant to the extent that his background qualifies him to assess the subject blanket. There appears to be no real question that Dr. Cronenwett is an expert on electrical engineering knowledge. The only issue is whether he may testify as to cause and origin. Dr. Cronenwett does not appear to be qualified for this type of testimony. However, he may testify as to the probability of electrical fires based on his experience as an electrical engineer, the testing he conducted, and his observation of the subject blanket. While defendants argue

that plaintiffs lack a cause and origin expert, the court finds this argument to be of little weight. Based on the available evidence, there appears to be no obvious alternate source of the fire. Although defendants argue that the pajamas may have ignited, defendants have offered no credible evidence of this theory.

Next, defendants argue that Dr. Cronenwett's methodology does not replicate any of the factual events of this case. The court does not find this to be the case. Dr. Cronenwett's testing attempted to determine whether a partial short circuit could go undetected by the blanket's safety circuit. Because of the fire, Dr. Cronenwett could not be sure of the exact method of the alleged malfunction. However, he determined that a partial short circuit could cause a fire without blowing the safety circuit and shutting down the blanket. Defendants argue that they are not sure if he used the same size wire as the actual fuse or whether he used the same safety circuit. These objections to Dr. Cronenwett's testimony appear to address the weight that the fact finder should give his testimony rather than its admissibility. Defendants may address such issues as the relevancy of fuse size through cross-examination. The court is not troubled by the expert's change of the word "possibility" to "probability." While the word has legal significance, it does not alter the fact that Dr. Cronenwett's testimony is relevant and admissible. Outside of the one word, Dr. Cronenwett did not alter the substance of his testimony or his methodology.

The court also does not find that there is a lack of physical evidence to support Dr. Cronenwett's opinions. Dr. Cronenwett explained that the PTC wires had a "rounded" end and that he believes the rounding is evidence that the subject fire started in the PTC cable. Although he admits that this could have been caused by an outside source, there is no credible evidence of an outside source being an issue with this fire. Again, defendants are free to address these issues in cross examination; however, this information does not undercut the issue of admissibility. The same is the case with the alleged misuse and failure to heed warnings. If the expert could reasonably rule out misuse based on other evidence presented to him, then he may reasonably not consider this evidence. Finally, defendants argue that plaintiffs used a full size blanket on a twin size bed. Plaintiffs controvert this fact, so the court is limited on what it can infer from this information. Regardless, these are issues defense may raise in cross-examination if there is foundation for this line of questioning.

IT IS ACCORDINGLY ORDERED this 11th day of October 2005, that the court denies defendants' Motion to Strike the Testimony and Opinions of Plaintiffs' Expert William Treadwell Cronenwett (Dkt. No. 85).